UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY JOEL JUDY,
an individual,

       Plaintiff,

vs.

TK PARTNERS, LLC,
a Florida Limited Liability Company,

       Defendant.
_____

CASE NO.: 2:25-cv-843

**COMPLAINT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff, JEFFREY JOEL JUDY, by and through his undersigned counsel, hereby files this Complaint and sues TK PARTNERS, LLC, a Florida Limited Liability Company, for injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

1

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and the Local Rules of the United States District Court for the Middle District of Florida.

3. Plaintiff, JEFFREY JOEL JUDY, (hereinafter referred to as "Mr. Judy") is a resident of the State of Florida in Lee County.

4. Plaintiff was injured in a motorcycle accident and is paralyzed from the waist down. Additionally, Plaintiff is a double leg amputee. Due to his injuries, Mr. Judy is a T8-T9 paraplegic and uses a wheelchair as his primary means of mobility.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities including walking, standing and bending and requires a wheelchair for mobility.

6. Defendant, TK PARTNERS, LLC, (hereinafter referred to as "Defendant"), is a Florida Limited Liability Company. Defendant is the owner/operator of the real property and improvements which are the subject of this action, to wit: Tire Kingdom, generally located at 14650 S Tamiami Trail, Fort Myers, FL 33912 (the "Property"). Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the Middle District of Florida, in Lee County, Florida.

## COUNT I - VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9. The Property, which includes a retail tire and auto parts store, is consequently a place of public accommodation subject to the ADA.

10. Plaintiff has visited the Property discussed herein several times over the past year and plans to visit again in the near future for his automotive needs. The Property is located about eleven (11) miles from Plaintiff's residence which takes approximately twenty (20) minutes to reach by car. It is also located in a part of town that Plaintiff often visits because it is situated near Home Depot, Walmart and many other large stores. Plaintiff most recently visited the Property in mid-September, 2025.

11. During his visits, Plaintiff encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint.

12. Due to the barriers, Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to goods and services offered at the Property, owned, leased, and/or operated by Defendant.

13. Plaintiff desires to visit the Property for his automotive needs but fears that he will be subjected to the same architectural barriers which remain at the Property in violation of the ADA.

14. Defendant is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.304 *et seq.* and is discriminating against Plaintiff due to, but not limited to, the following barriers to access which Plaintiff personally encountered and which hindered his access:

    A. Plaintiff personally encountered that all three (3) of the intended ADA parking spaces near the entrance to Tire Kingdom were not accessible because they lack adjacent access aisles for safe loading and unloading. Additionally, they are located on slopes in excess of 1:48 and have pavement in disrepair. Furthermore, one of the intended ADA spaces lacks any sign and the other two ADA spaces have signs which are too low where they may be obstructed by parked vehicles. These conditions were a dangerous falling/safety hazard for the Plaintiff as he attempted to park and load into and out of his vehicle on the sloped ground surface without any access aisle.

    B. Plaintiff personally encountered an inaccessible route from the ADA parking to the store entrance due to excessive slopes, broken pavement and uneven ground along the route and ramp to the doorway. Additionally,

the ramp leading to the entrance door has a slope exceeding 1:20 but lacks any handrails. These conditions were a dangerous falling hazard for the Plaintiff as he attempted to maneuver from the intended ADA parking spaces to the store entrance.

C. Plaintiff personally encountered an inaccessible entrance door into the store due to inadequate clear floor space on the exterior side of the door which makes it very difficult for a person in a wheelchair, such as Plaintiff, from safely opening with door without assistance.

D. Plaintiff personally encountered an inaccessible restroom inside the store due to the placement of the toilet flush handle on the narrow side of the toilet near the wall where he could not reach it; and a lack of pipe insulation under the sink which could cause cuts and/or burns to a person with paralysis such as Plaintiff.

15. To date, the barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Independent of his intent to return as a patron for his automotive needs and due to its convenient location, Plaintiff additionally intends to return to the

Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, structurally feasible, and easily accomplishable without placing an undue burden on Defendant.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

    A. That this Court declares that the Property owned, leased, and/or operated by Defendant is in violation of the ADA;

    B. That this Court enter an Order directing Defendant to alter its Property to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

C. That this Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to Plaintiff; and

E. That this Court awards such other and further relief as it deems necessary, just and proper.

Date: September 22, 2025.

Respectfully Submitted,

KU & MUSSMAN, P.A.
18501 Pines Blvd, Suite 362
Pembroke Pines, Florida 33029
Tel: (305) 891-1322
Fax: (954) 686-3976
Louis@kumussman.com

By: */s/ Louis I. Mussman*
Louis I. Mussman, Esq. (Lead Counsel)
(FL Bar # 597155)
Brian T. Ku, Esq.
(FL Bar #: 610461)